**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOHNNY ALAN CORBIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-CV-1275-NJR |
| | ) | |
| TYSON FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STIPULATION REGARDING THE PRODUCTION OF ELECTRONICALLY
STORED INFORMATION AND HARD COPY DOCUMENTS**

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure permitting

the parties to specify the form or forms in which documents are to be produced, the Protocol sets

forth specifications that will govern document production during discovery in the above-

captioned proceedings (the "Action").

**1.  General Provisions and Scope**

**1.1.**    This Protocol governs the collection and production of electronically stored

information ("ESI") and hard copy documents (collectively "Data"), which are to be produced

electronically in the Action. The protocol streamlines ESI production to promote a "just, speedy,

and inexpensive determination" of this action, as required by Rule 1 of the Federal Rules of Civil

Procedure. The procedures and protocols set forth in this Order will govern the production

format of hard-copy documents and ESI in this action, to the extent available.

**1.2.**    Nothing in this Protocol alters the parties' respective responsibilities to comply

with the applicable Federal Rules of Civil Procedure and any applicable Local Rules regarding

the collection or production of Data. To the extent additional obligations, restrictions, or rights

1

not addressed in this Protocol arise under the Federal Rules of Civil Procedure or other applicable law or rules, that law or rule will govern.

**1.3.** The parties acknowledge the proportionality standard set forth in Fed.R.Civ.P. 26. To further the application of proportionality in discovery, requests for production and related responses and objections should be targeted, clear, and as specific as practicable, in accordance with Fed. R. Civ. P. 34.

**1.4.** This Order may be modified for good cause. The parties may agree to modification without application to the Court. To be effective any modification must be in writing and signed by counsel for both parties. If the parties cannot reach an agreement regarding proposed modifications, the parties will submit their competing proposals and a summary of their dispute to the Court or comply with any other procedure ordered by the Court.

**1.5.** While each party will bear, by default, its own document production costs, each party reserves the right to pursue cost-shifting or cost-sharing pursuant to the Rules (e.g., Rule 26(b)(2)) and other applicable law.

## 2. Production of Hard-Copy Documents

**2.1.** *Image Format*: Documents that exist in hard-copy format will be scanned and produced as PDF files created with a resolution of at least 300 dots per inch ("dpi"). Each image will be branded with sequential production numbers. Each image filename will correspond to the Bates number associated with that page. Files will show all text and images that would be visible to a user of the hard-copy document. Producing such hard-copy documents in such formats does not change their character from hard-copy documents into ESI.

**2.2.** *OCR Text Files*: A commercially acceptable technology for optical character recognition ("OCR") will be used on all scanned, hard-copy documents.

2

**2.3.**     *Unitizing of Documents*: In hard-copy documents, distinct files or documents will not be merged into a single record, and single documents will be not be split into multiple records (*i.e.*, hard-copy documents should be logically unitized). The parties will use reasonable efforts to unitize documents correctly to avoid producing large numbers of documents in a single "clump."

**3.  Production of ESI**

**3.1.**     *Image Format*: Except for the types of documents identified in ¶ 3.3 below, a producing party will convert ESI from its native file format ("Native File") to a PDF image file for production with the following specifications:

> **3.1.1.**   PDF images are at least 300 DPI, with each file named after the production number of that page and unitized as in ¶ 2.3 above.

> **3.1.2.**   To the extent reasonably possible, the PDF will retain all attributes of the Native File or hard-copy file, such as document breaks and original document orientation (i.e. portrait to portrait and landscape to landscape). The following formatting will be applied:

>> **3.1.2.1.**   Word processing documents will be converted to PDF format and imaged showing tracked changes, edits, comments, notes, and other similar information. In addition to PDF images, native word processing files will be provided upon request from a receiving party. The native file will be named as the first Bates number of the respective document; and

**3.1.2.2.** Spreadsheet files with redactions will be imaged un-hiding any hidden rows and/or columns and/or sheets. All non-redacted spreadsheet files will be produced natively according to ¶ 3.3.1 below.

**3.1.3.** Attachments to emails, other electronic documents, or hard-copy documents will be produced sequentially immediately after the parent document.

**3.2.** *Structured data*: Data stored in a database, whether maintained by the party or through a third-party provider, will, when reasonably possible, be produced as reports in Microsoft Excel, Microsoft Access, or ASCII delimited text format.

**3.3.** *Native Files*: A producing party will produce certain types of ESI in native formats, subject to the following specifications:

**3.3.1.** Microsoft Excel files, .CSV files, and other similar spreadsheet files will be produced as Native Files.

**3.3.2.** Video and audio files will be produced as Native Files.

**3.3.3.** Documents already native to PDF will be produced as they are without modification.

**3.3.4.** Native Files in need of redaction will be converted to PDF and produced with the necessary redactions.

**3.3.5.** Native Files will be produced with existing metadata intact.

**4. Search Methodology**

**4.1.** Each party will discuss its proposed methodology within a reasonable time before employing it. Nothing in this Protocol will prevent any party from conducting a manual review of documents after application of ESI search methodologies for responsiveness, privilege, and confidentiality.

5.   **Resolution of Disputes**

5.1.     The parties agree to meet and confer in good faith regarding matters related to the production of Data not specifically set forth in this Protocol, related to the interpretation of this Protocol, or related to the parties' obligations under the Protocol. The parties will make their best efforts to comply with and resolve any differences concerning compliance with this Protocol. If a producing party cannot comply with any material aspect of this Protocol, such party will inform the requesting party in writing at or before the time of production as to why compliance with the Protocol is unreasonable or not possible.

5.2.     If the parties are unable to reach resolution regarding any dispute concerning the interpretation of this Protocol or compliance with same, such disputes may be presented for judicial resolution. No party may seek judicial relief concerning this Protocol unless it first has conferred with the applicable producing or requesting party.

Respectfully submitted,

CARTER LAW FIRM, LLC

*/s/ Jase Carter (w/consent)*
Jase Carter, Mo. Bar No. 63752
3407 S. Jefferson Ave., #109
St. Louis, MO 63118
(314) 675-1350
(314) 310-3386 (fax)
jase@carterfirm.law

*Attorneys for Plaintiff*

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


/s/ Kelly M. Hayes
James M. Paul, IL 6276954
Kelly M. Hayes MO 42876
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Phone: (314) 802-3935
Facsimile: (314) 802-3936
James.Paul@ogletree.com
Kelly.Hayes@ogletree.com

*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing was served by the Court's electronic filing system on July 27, 2020 on all counsel of record.

*/s/ Kelly M. Hayes*
*Attorney for Defendant*

43635217.1

6